IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRELL STRONG<br>a/k/a "Vincent Davis," | : <br> : <br> : | |
| Petitioner, | : <br> : | CIVIL ACTION |
| v. | : <br> : | No. 00-5058 |
| MARTIN L. DRAGOVICH, et al., | : <br> : | |
| Respondents. | : | |

**<u>ORDER</u>**

**AND NOW**, this ___31st___ day of May, 2006, upon careful and independent consideration of petitioner Terrell Strong's petition for a writ of habeas corpus, the response to the petition, the Report and Recommendation of United States Magistrate Judge Jacob P. Hart, petitioner's objections, and respondent's Notice of Supplemental Authority,[1] it is hereby

---

[1] In their Notice of Supplemental Authority, respondents urge me to overlook their past concession of timeliness and now deny this petition as time-barred, citing <u>Day v. McDonough</u>, 126 S. Ct. 1675 (2006), as authority. <u>Day</u> is inapposite to this case. <u>Day</u> involved a district court's discretion to raise *sua sponte* the issue of a habeas petition's timeliness due to a readily apparent computation error in the government's brief. The Supreme Court held that while district courts "surely have no obligation to assist attorneys representing the State," they are "permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." <u>Id.</u> at 1684.

Unlike <u>Day</u>, no computation or clerical error is at issue here. Rather, respondents seek to avoid their earlier waiver of the timeliness issue. In a court filing dated January 25, 2002 (Doc. # 20), respondents explicitly referred to the petition as timely, although they objected to the timeliness of the claims contained in petitioner's December 2004 amendment. Thereafter, respondents filed a motion to dismiss the original petition as untimely, arguing that new Third Circuit precedent should apply (Doc. # 49). In my order of April 18, 2005, denying the motion to dismiss, I noted that "[r]espondents appear to have waived any argument that the petition for habeas corpus was not timely filed both through explicit waiver and through their repeated failure

**ORDERED** that:

1.  The report and recommendation is **APPROVED** and **ADOPTED** and Petitioner's objections are **OVERRULED**.[2]

---

to timely respond to the petition for habeas corpus." (Doc. # 53.) I denied respondents' motion to dismiss "without prejudice to respondents to reassert with an explanation for why waiver should not apply." (Id.) In their response to the petition, respondents chose to abandon their challenge to the timeliness of the original petition, conceding that "[u]pon review of its prior pleadings, the Commonwealth agrees that it reflects an incorrect assumption that petitioner's first habeas petition was indeed timely." (Resp. to Pet., Doc. # 54 at 12 n. 3.)  As respondents waived their objection as to the timeliness of the original petition, I decline to reconsider the issue.

[2] As required by 28 U.S.C. § 636(b)(1)(B), I have reviewed *de novo* the portions of the Report to which objections have been made.  I agree with the Magistrate that the claims asserted in petitioner's December 2004 amendment are untimely and may not be considered.  I further agree that the record, generously read, indicates that petitioner exhausted state remedies by first presenting his claims (or at least the essence of those claims) to the state courts before filing this habeas petition.

I also adopt the Magistrate's analysis of petitioner's procedural default.  Although I make note of petitioner's significant efforts to pursue his claims in the state courts – including a promptly filed *pro se* Notice of Appeal, followed by over a year of correspondence with state court officials, and finally an Application for Leave to Appeal Nunc Pro Tunc (see Pet.'s memo. of law, Doc. # 33 at 5) –  federal habeas review nonetheless remains unavailable to him.  As the Third Circuit has noted, the path to federal habeas review has become truly "serpentine," with "unexploded mines awaiting even seasoned practitioners who attempt to navigate [it]."  Lines v. Larkins, 208 F.3d 153, 156 (3d Cir. 2000).  Because petitioner's Notice of Appeal and subsequent Nunc Pro Tunc Application failed to meet the standard requirements for a petition for allowance of appeal under the Pennsylvania Rules of Appellate Procedure, his claims are procedurally defaulted under Caswell v. Ryan, 953 F.2d 853 (3d Cir. 1992) and Wenger v. Frank, 266 F.3d 218 (3d Cir. 2001).  Thus, despite petitioner's diligence, his claims are procedurally barred unless he can show sufficient cause for his default and prejudice thereto, or that manifest injustice would result if his claims were barred.  Sistrunk v. Vaughn, 96 F.3d 666, 673 (3d Cir. 1996).

Petitioner objects to the Magistrate's finding that he has failed to show sufficient cause and prejudice or likelihood of manifest injustice to excuse his procedural default.  His objections must be overruled.  In his objections (Doc. # 67), petitioner apparently misunderstands his burden and simply reiterates his substantive claims, without attempting to justify his default or to substantiate the likelihood of manifest injustice.  In his habeas petition, petitioner alleges that "interference by prison and state court officials" impeded his efforts to present at least one of his claims to the state courts (see Pet. for Writ of Habeas Corpus, Doc. # 7 at 11), but he never identifies any specific acts of interference in any of his numerous filings.  Nor has petitioner

2. Terrell Strong's petition for writ of habeas corpus is **DENIED** with prejudice.

3. There is not probable cause to issue a Certificate of Appealability.

*[signature: Anita B. Brody]*

_____
ANITA B. BRODY, J.

Copies **VIA ECF** on            to:            Copies **MAILED** on            to:

O:\ABB 2006\Strong order denying habeas.wpd

---

provided any materials that might lead to an inference of interference by state officials, such as a description or copies of his alleged correspondence with state court officials regarding his *pro se* Notice of Appeal, or the advice he allegedly received to file his Application for Leave to Appeal Nunc Pro Tunc. Given the state of the record, I am unable to ascertain any interference by state officials that might excuse petitioner's procedural default. Nor do I find that petitioner has provided anything other than a bare assertion of his factual innocence, which is insufficient to show manifest injustice. Therefore, I adopt the Magistrate's finding that petitioner's procedural default requires the dismissal of his petition and do not reach its merits.